HENRY RUCKERT, Appellant, v. COLLINS REALTY CO., Respondent.

St. Louis Court of Appeals, December 14, 1909.

NEW TRIAL: Breach of Agreement by Counsel: Discretion of Trial Court: Appellate Practice. Where the sole ground of a motion for new trial was the alleged breach of an agreement by the attorney for the successful party, by his making an objection to testimony he had agreed not to question, the alleged agreement not having been brought to the attention of the trial court at the time said objection was made, the action of the trial court in overruling such motion will not be reviewed, no abuse of discretion appearing.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

AFFIRMED.

*Hickman P. Rodgers* for appellant.

*Collins & Chappell* for respondent.

GOODE, J.—The action is on a special taxbill for the reconstruction of an alley contiguous to defendant's property. Defendant had judgment and plaintiff ap-

pealed, the contention being the court erred in not sustaining a motion for new trial. The taxbill was issued to Henry Heman, the contractor, and was turned over by him to plaintiff with the following indorsement: "I hereby designate Henry Ruckert to receive payment of the within special taxbill. (Signed) Henry F. Heman, Contractor." The charter of the city of St. Louis requires every transfer of a special taxbill to be registered in the office of the comptroller and says no transfer shall be valid until it is so registered; that the transfor shall be in writing, witnessed by the comptroller or by one of his deputies, duly acknowledged before a notary public or other officer authorized to take acknowledgments, and in each transfer shall be designated the city treasurer or the name of some bank or trust company in the city of St. Louis, to which payment may be made. [St. Louis City Charter, Art. VI, sec. 26.] After plaintiff's counsel had introduced in evidence the taxbill in suit, he offered no proof to show the charter requirements regarding the transfer of a taxbill had been observed. Defendant's counsel objected to the assignment because it did not appear to have been witnessed by the comptroller or one of his deputies, to be duly acknowledged or to have been registered in the city comptroller's office, and did not designate a bank or trust company as place of payment. Plaintiff's counsel (in the trial court but not in this court) made no further offer of testimony in that connection and the court took the objection under advisement. At the conclusion of the evidence the court sustained the objection and declared plaintiff could not recover. A motion for new trial was filed which set out as one ground, and the one insisted upon on this appeal, that there had been an agreement between counsel for plaintiff and defendant, that defendant would not question the genuineness of the special taxbill or the proper assignment thereof to plaintiff, but would submit to the court as the sole point at issue, the sufficiency of the demand for payment

of the bill and the marshal's return on the demand; that relying on said agreement plaintiff dismissed his witnesses on the question of the assignment of the tax-bill. This ground of the motion for new trial was supported by the affidavit of the attorney who represented plaintiff in the trial court; but in opposition to it the attorney for defendant filed a counter-affidavit in which he denied the agreement was made as alleged.    The attorney for plaintiff pursued a singular course in regard to the agreement set up as ground for a new trial. When defendant's attorney objected to the assignment as having been irregularly made, plaintiff's counsel said nothing about the alleged agreement not to call into question the assignment, on the strength of which he had dismissed the witnesses he had in attendance; but if such an agreement had been made, certainly the time to bring it forward was when the objection was raised by defendant's counsel contrary to the terms of the agreement.    If such an understanding had been shown to the satisfaction of the trial court, likely time would have been allowed the attorney for plaintiff to call his witnesses to establish the facts, as the witnesses could have been procured easily from the municipal offices of the city.    We cannot reverse the action of the court below in refusing a new trial unless we feel an abuse of discretion occurred, and we do not.

The judgment is affirmed.    All concur